FILED

JAN 1 9 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CRUZ HUMBERTO ALEJANDRE-CORONA, <br><br> Defendant. | No. CR 05- 00347 CW (WDB) <br><br> ORDER GRANTING IN PART AND DENYING IN PART MOTIONS BY CITY OF OAKLAND AND BY THE UNITED STATES TO QUASH FOUR SUBPOENAS |

After considering the written submissions and oral arguments presented by the parties and by the City of Oakland, the court GRANTS IN PART AND DENIES IN PART the motions to quash.

At the close of the hearing today on the motions to quash the undersigned announced deadlines by which the City of Oakland (City) must complete certain tasks. As I explained on the record, the deadlines announced orally would need to be advanced if Judge Wilken declined to grant the parties' stipulated request to move the trial date from February 6, 2006, to April 17, 2006. This afternoon I learned that

1

Judge Wilken declined to accept the parties' stipulation, declined to decide today whether to move the trial date from February 6, 2006, but agreed to hear, on January 31, 2006, the pending motion to move the trial date. Thus, as things stand now, the trial date is February 6, 2006. Given that fact, it is necessary to require the City to complete the searches and disclosures described on the record and set forth below appreciably sooner than the undersigned suggested this morning in court.

For substantive reasons explained during the hearing on the motions to quash, the undersigned ORDERS the City of Oakland to produce the following materials in response to the subpoenas in issue here.

1. By noon on Thursday, January 26, 2006, the City must submit directly to my chambers, for my <u>ex parte in camera</u> review, all documents (including materials stored electronically) related to any accusations or complaints (regardless of by whom made or presented) that Officer Gregory Loud, Officer Rochard Holton, Officer Stephen Nowak, or Detective Eugene Guerrero was untruthful or engaged in any conduct that was dishonest at any point in the five years preceding April 25, 2005.

2. By Friday, January 27, 2006, the City must have completed a good faith, reasonable search[1] for documents and information in the following categories and must have delivered directly to defense counsel all materials (not already disclosed to the defense) that that search produces:

---

[1] As used here, the phrase "good faith, reasonable search" includes accessing all electronically stored information through a search strategy designed to maximize the likelihood of locating responsive information and examining reasonably accessible hard copy files that might well contain responsive information; this Order does not require OPD to conduct a manual search of all hard copy files and records, e.g., all contact cards or all arrest reports.

2

a. a copy of the tapes (or recordings in any other form) of the oral communications between officers and the dispatch center – or between anyone and the 911 emergency dispatchers – about the subject incident (April 25, 2005);

b. a copy of any printout or other record of any communications received or made by OPD on April 25, 2005, that were related in any way to the subject incident;

c. documents related to the subject incident and any follow-up investigation into it (including documents related to how OPD determined that defendant was the person who fled the scene);

d. documents related to any contact between OPD and Mr. Saldana, Mr. Templeton, or Mr. Barajas on April 24, 25, or 26, 2005 (including documents related to any investigations or follow-up activities that might have been undertaken as a result of contact with any of these three persons on any one of these three dates);

e. documents related to any contact between OPD and defendant at any time between January 1, 1995, and his arrest on May 4, 2005.

f. documents related to any contact between OPD and Mr. Saldana, Mr. Templeton, or Mr. Barajas between January 1, 1995, and May 4, 2005, including (but not limited to) documents that disclose (1) the identities of all persons (including, but not limited to, defendant) who surfaced in connection with any of those contacts, (2) the circumstances in which the contact occurred and/or in which other persons surfaced in connection with any of these three men, (3) whether there was any reason to believe or suspect that any of these three men or any of the other persons who surfaced in connection with them might have been a

member of any gang, and (4) any photograph in which defendant, or Mr. Saldana, or Mr. Templeton, or Mr. Barajas appears.

The subject subpoenas are QUASHED to the extent they call for the production of documents or information outside the categories set forth above.

IT IS SO ORDERED.

Dated: 1-19-06

WAYNE D. BRAZIL
United States Magistrate Judge

Copies to: CW, parties, City of Oakland, WDB, Stats.

file: alejandre-corona subpoena